**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | | |
|---|---|---|
| IN RE: | : | |
| **CHANELL YOUNG** | : | **BK. No. 18-18281-elf** |
| Debtor | : | |
| | : | **Chapter No. 13** |
| **WELLS FARGO BANK, N.A.** | : | |
| Movant | : | |
| v. | : | |
| **CHANELL YOUNG** | : | |
| Respondent | : | **11 U.S.C. §362** |

**MOTION OF WELLS FARGO BANK, N.A. FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

Movant, by its attorneys, PHELAN HALLINAN DIAMOND & JONES, LLP, hereby requests a termination of Automatic Stay and leave to foreclose on its mortgage on real property owned by CHANELL C YOUNG.

1. Movant is **WELLS FARGO BANK, N.A.**

2. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

3. CHANELL C YOUNG is the owner of the premises located at **175 E PLUMSTEAD AVE, LANSDOWNE, PA 19050**, hereinafter known as the mortgaged premises.

4. Movant is the holder of a mortgage on the mortgaged premises.

5. Debtor's failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

6. Movant instituted foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payment required hereunder.

7. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

8. As of January 16, 2020, Debtor has failed to tender post-petition mortgage payments for the months of September 2019 through January 2019. The monthly payment amount for

the months of September 2019 through December 2019 is $1,029.82 each, and for the month of January 2020 is $1,066.21, for a total amount due of $5,185.49. The next payment is due on or before February 1, 2020 in the amount of $1,066.21. Under the terms of the Note and Mortgage, Debtor has a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

9. Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

10. Movant specifically requests permission from the Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

11. Movant, it's successors and assignees posits that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

12. Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 with respect to **175 E PLUMSTEAD AVE, LANSDOWNE, PA 19050** (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b. Movant specifically requests permission from this Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and

c. Holding that due to Debtor's continuing failure to tender post-petition mortgage

payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

        d.        Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

        e.        Granting any other relief that this Court deems equitable and just.

/s/ Thomas Song, Esquire
Thomas Song, Esq., Id. No.89834
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Phone Number: 215-563-7000 Ext 31387
Fax Number: 215-568-7616
Email: Thomas.Song@phelanhallinan.com

January 21, 2020